## CLARK v. CLARK.

VERDICT. Evidence considered which was held sufficient to sustain a verdict.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, APRIL 20.

PLAINTIFF, as administratrix of the estate of Edwin J. Clark, deceased, claims of the defendant the sum of $1,600, as the purchase price of eighty acres of land sold by Edwin J. Clark to the defendant.

The defendant, in his answer, admits the purchase from Edwin J. Clark, in his lifetime, of the eighty acres of land described in the petition, and that the price agreed upon was $1,600. The defendant alleges that the full

consideration was paid prior to the delivery of the deed. By way of counter claim, defendant alleges that plaintiff, as administratrix, is indebted to him in the sum of $192. There was a jury trial, and a verdict and judgment for plaintiff for $500. Defendant appeals.

*D. C. Bloomer* and *Frank Street*, for appellant.

*Clinton, Hart & Brewer*, for appellee.

DAY, J.—The only point made by appellant is that the evidence does not sustain the verdict. Upon our first examination of the record this seemed to be so, but a more careful and deliberate consideration of the testimony satisfies us that the verdict is not so far without support in the evidence as to warrant the setting of it aside upon that ground. The answer admits that the consideration price agreed to be paid was $1,600. It is not claimed or suggested that any payment was made other than an assumption of the debts of Edwin J. Clark. The defendant proved conversations which the deceased had, a short time prior to his death, with Edward Brown, Ora Clark, Dr. Osborne and Mr. Sherin. The substance of these conversations is that Edwin J. Clark had sold his farm to his father, who was to pay his debts, and that Edwin J. had not property enough to pay his debts. It was proved that no claims had been filed against the estate, and from this appellant argues that defendant has paid the debts, amounting to the consideration agreed to be paid for the eighty acres described. It is to be observed that the only evidence that the debts amounted to enough to exhaust the entire value of the farm is contained in these conversations of the deceased, with the persons above named. The debts, of which there is specific proof, amount to but little more than $600.

Upon the part of plaintiff the testimony shows that a very short time before the execution of the deed to defendant, and less than three months prior to the death of Edwin J. Clark, he and his wife entered into an agreement for a separation. That at that time it was agreed the wife of decedent should have one-third of all the property, with the understanding that at the end of two years she should procure a divorce on the ground of abandonment. A witness testifies that at this time Edwin J. Clark claimed the entire value of his property to be about $2,000, and that he was indebted about $600; and that finally it was agreed that the whole property was worth $1,500, of which the wife of Edwin received $500 in personal property as her share. This witness further testifies that at this time defendant said he could not pay the balance of the consideration then, and did not think he would be able to pay it much before spring. Pursuant to this arrangement the deed was afterward executed to defendant, and signed by the wife of Edwin J. If, as was stated by Edwin J. to the various witnesses introduced by defendant, the debts equalled the consideration agreed to be paid, then the wife of deceased received upon the separation, not one-third of his property, but all of it. It needs no argument to show that a declaration which was made in the progress of a negotiation, and which was made the basis of a settlement, is entitled to more consideration than a mere random admission made in a conversation with third parties.

We think the evidence fully sustains the conclusion that at the time of the death of Edwin J. his debts did not amount to the consideration agreed to be paid for the land purchased.

Appellant, however, claims that if the jury were warranted in finding anything, they must, from the evidence of plaintiff, have found a much larger sum. We do not think, however, that this is a matter of which defendant can complain. He is not prejudiced because of the verdict being too small. After a careful reading of the evidence and arguments, we are of opinion that the judgment should be

AFFIRMED.